[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the respondent has credited him with 199 days of presentence jail time when it should be 357 total days and 66 days of presentence statutory good time when it should be 118 days.
The facts are not contested. The petitioner was arrested on a homicide charge on November 3, 1989 for which he was sentenced on a count of manslaughter in the first degree on October 26, 1990. He was held in lieu of bond on said charge, therefore being entitled to presentence jail and statutory good time. However, on May 21, 1990, he was sentenced on 2 burglary in the third degree charges to one year sentences on each, made concurrent to each other.
It is the respondent's position that on May 21, 1990, the petitioner was serving an imposed sentence and therefore was no longer being held in lieu of bond on the homicide charge and therefore not entitled to presentence credits. It is the position of the petitioner that he is entitled to presentence credits from May 21, 1990 until he was sentenced or the manslaughter charge on October 26, 1990.
G.S. 18-98d is clear that presentence credits "shall only apply to a person for whom . . . . an inability to obtain bail . . . . is the sole reason for his presentence confinement." Obviously at the imposition of the judgment mittimus he is serving a sentence as of May 21, 1990 for the concurrent sentences for burglary in the third degree and the failure to make bond is no longer the "sole" reason for his confinement.
For the above reasons the petition is denied.
Corrigan, JTR CT Page 2074